JOHN GILLEN, Respondent, v. HOME OWNERS' LOAN CORPORATION, Appellant.— Defendant was the owner of a four-story and basement private dwelling. There was a fence and gate adjacent to the sidewalk and a courtyard between the fence and the building. There were two entrances to the building: one a stoop which led to the upper floor, and another under the stoop. The building was unoccupied. On the front door at the top of the stoop there was a " For Sale " sign, which also contained the name, address and telephone number of the broker. In the center bay window there was another sign reading "'NO TRESPASSING UNDER PENALTY OF LAW," and further indicating that the property was in the custody of the Home Owners' Loan Corporation. Plaintiff, who was in the market to purchase a home, entered the courtyard, walked to the basement door, and rang

the bell. There was no response and he then walked to the center bay window to look into the basement. In front of this window there was an iron grating. When he stepped on the grating it collapsed and he was precipitated into an opening twelve or fourteen feet deep, and was injured. After trial by the court without a jury he was awarded $750, and the defendant appeals. Judgment reversed on the law, with costs, and complaint dismissed on the law, with costs. Plaintiff testified he noticed only the " For Sale " sign. The proof discloses that both signs were on the premises at the time of the accident. Even assuming that the " For Sale " sign was an implied invitation to plaintiff to enter the courtyard and go to the basement door, it was no invitation to plaintiff to walk over to the center bay window after he had rung the bell and there was no response to his ringing. (*Taylor* v. *Welsh*, 185 App. Div. 897.) Under all the circumstances, plaintiff failed to establish actionable negligence on the part of the defendant. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.